NOT DESIGNATED FOR PUBLICATION

No. 118,582

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICOLE L. SMITH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFF DEWEY, judge. Opinion filed November 2, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Nicole L. Smith appeals from the district court's decision to revoke her probation and the order for her to serve her 20-month prison sentence for two counts of forgery. Smith argues the court should have first ordered her to serve an intermediate sanction before revoking her probation and sending her to prison. For the reasons stated below, we affirm the court's decision.

1

FACTS

On January 19, 2016, Smith attempted to deposit a stolen and forged check into her account at Equity Bank in Wichita, Kansas. Smith committed these crimes while on felony probation in case 14CR92, pending in Pratt County, Kansas.

The State charged Smith with two counts of forgery. The parties ultimately entered into a plea agreement. Smith agreed to plead guilty to both counts of forgery in exchange for the State's recommendation that the district court impose the statutory presumptive sentence but grant Smith's motion for dispositional departure to probation. On July 6, 2017, the court sentenced Smith to a total of 20 months in prison (11 months on count I consecutive to 9 months on count II) but granted Smith's request for a downward dispositional departure to probation.

Ten days after she was sentenced, the State filed a warrant alleging Smith committed two new criminal offenses, as well as multiple other violations of the conditions of her probation. The two new criminal offenses were assault and obstructing, resisting or interfering with arrest, as documented in Wichita Police Department Incident Report Number 17C047267. The police report presumably relates to a July 12, 2017 incident in which Smith appeared to be high on some type of drug (potentially PCP or a "bad batch" of methamphetamine). When paramedics attempted to provide medical assistance, Smith kicked and punched them. When law enforcement arrived, Smith continued to physically lash out, biting and scratching at least one officer to the point where she drew blood.

A probation revocation hearing was held on September 15, 2017. Smith waived her right to an evidentiary hearing and admitted each of the allegations set forth in the warrant. Based on these admissions, the district court found Smith had violated the terms and conditions of her probation, including committing new crimes. But rather than

immediately revoking her probation and sending her to prison, the district court continued the probation revocation hearing to October 30, 2017, in order to give Smith an opportunity to seek treatment at Miracles, an inpatient drug treatment program. In doing so, the district court emphasized that its decision regarding whether to send Smith to prison for the probation violations to which she admitted was wholly dependent on her successfully participating in the Miracles' program.

On October 3, 2017, Smith was discharged from Miracles' inpatient treatment program based on her failure to comply with the treatment plan. Smith failed to voluntarily return to jail upon this discharge so, a second warrant for her arrest was issued on October 5, 2017. On October 23, 2017, the district court reconvened the continued probation revocation hearing. Smith again waived her right to an evidentiary hearing and admitted to the allegation against her. The court revoked Smith's probation, bypassed intermediate sanctions, and ordered Smith to serve the 20-month prison sentence imposed.

ANALYSIS

When a convicted felon violates the terms of probation, Kansas law generally provides that he or she receive an intermediate sanction, such as a short jail stay followed by a return to probation, rather than being sent to prison on the first violation. K.S.A. 2017 Supp. 22-3716(c)(1). But there are several exceptions to this general rule. Intermediate sanctions are not required when the offender's probation was a result of a downward dispositional departure. See K.S.A. 2017 Supp. 22-3716(c)(9)(B). And intermediate sanctions are not required when the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Finally, under K.S.A. 2017 Supp. 22-3716(c)(9)(A), a court may revoke probation and impose the prison sentence on the first probation violation if the "court finds and sets forth with particularity the reasons for

3

finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

The decision to place Smith on probation required a downward dispositional departure from a presumptive prison sentence, and Smith admitted to the district court that she had committed new crimes while on probation. So the district court had the discretion to send Smith to prison. Accordingly, we review the district court's decision here only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Smith claims that the court's decision to send her to prison was unreasonable because doing so does not serve the legislative goals of reducing the prison population and rehabilitating offenders. But we find nothing unreasonable about the district court's decision here. The court gave Smith two chances to pursue rehabilitation and avoid prison. Instead of taking advantage of these opportunities, Smith used drugs and/or alcohol and committed new crimes within six days of the court's decision to grant a downward dispositional departure to probation. And Smith was discharged from Miracles' inpatient treatment program based on her failure to comply with the treatment plan less than three weeks after the court gave her a second chance by continuing her probation violation hearing so she could seek inpatient treatment.

Smith's probation was a result of a downward dispositional departure, and she committed new offenses while on probation. In committing these new offenses, Smith caused physical harm to at least one person. As such, a reasonable person could agree with the district court's decision to impose the prison sentence without first imposing intermediate sanctions. See K.S.A. 2017 Supp. 22-3716(c)(9)(B). Finding no abuse of discretion based on the reasonableness of the district court's decision, we affirm on that basis and decline to address Smith's claim that the court abused its discretion by failing to

4

set forth with particularity its finding that her own welfare and the safety of the members of the public would be jeopardized if intermediate sanctions were imposed.

Affirmed.